**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: MORTGAGE INDUSTRY FORECLOSURE LITIGATION** MDL No. 2500

**ORDER DENYING TRANSFER**

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, *pro se* plaintiff Paul N. Seng moves to centralize this litigation in the District of Rhode Island. This litigation currently consists of two actions pending in the Eastern District of North Carolina and the District of Rhode Island, as listed on Schedule A.[1] Plaintiffs in the Rhode Island action support the motion. Defendant JPMorgan Chase Bank, N.A., opposes the motion.

On the basis of the papers filed,[2] we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. In each of the actions, plaintiffs argue that a trustee, acting as a mortgagee and promissory note holder, does not have the right to foreclose a mortgage when the trustee received monthly payments otherwise due on the note from a third-party in the form of "delinquency advances" from the issuer or servicer of the mortgage. Aside from this theory of contractual interpretation, however, these actions have little in common. They involve different defendants, different plaintiffs, different mortgage loans at different stages of the foreclosure process, different securitized trusts involving different contractual trust arrangements and different trustees and mortgage servicers, different state laws, and different putative classes in the three putative class actions (including the potentially-related actions noticed by the parties). The "common questions of fact" required for centralization simply are not present in this litigation. *See* 28 U.S.C. § 1407(a).

Moreover, these actions involve relatively straightforward contractual interpretation questions under different state laws. They are not so complex, nor the accompanying discovery so time-consuming, as to merit centralization. *See In re Brandywine Assocs. Antitrust & Mortg. Foreclosure Litig.*, 407 F. Supp. 236, 238 (J.P.M.L. 1976).

---

[*] Judges Paul J. Barbadoro and Lewis A. Kaplan took no part in the decision of this matter.

[1] The parties have notified the Panel of seven additional related actions pending in the District of Arizona, the Central District of California, the Middle District of Florida, the District of Maine, and the District of Massachusetts. Plaintiffs in three of these actions have indicated that they support centralization.

[2] The Panel dispensed with oral argument pursuant to Panel Rule 11.1(c). *See In re Mortg. Indus. Foreclosure Litig.*, MDL No. 2500, ECF No. 24 (J.P.M.L. Jan. 16, 2014).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Marjorie O. Rendell
Sarah S. Vance

Charles R. Breyer
Ellen Segal Huvelle

**IN RE: MORTGAGE INDUSTRY FORECLOSURE LITIGATION** MDL No. 2500

**SCHEDULE A**

Eastern District of North Carolina

Paul N. Seng v. JP Morgan Chase Bank, N.A., C.A. No. 5:13-00699

District of Rhode Island

Roth K. Neary, et al. v. Federal National Mortgage Association, et al., C.A. No. 1:13-00665